UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALAN BERREY,<br><br>    Plaintiff<br><br>    v.<br><br>EVOLVE CELLULAR, INC., AND LOWELL FELDMAN.<br><br>    Defendants. | C.A. NO.  1:23-CV-11433-LTS |

**Memorandum in Support of Defendants' Motion to Dismiss For Lack of Personal Jurisdiction, and/or Transfer the Case to the Western District of Texas, Austin Division Under 28 USC § 1404(a)**

Pursuant to Rule of Civil Procedure 12(b)(2), (3), and (6), Defendant Lowell Feldman ("Feldman") moves this Court for an order dismissing him as the Court lacks personal jurisdiction over him. Alternatively, both Defendants Feldman and Evolve Cellular, Inc. ("Evolve") move this Court for an order dismissing the action and transferring same to the United States District Court for the Western District of Texas, Austin Division pursuant to 28 USC § 1404(a), and Fed. R. Civ. P. 12(b)(6). See Provanzano v. Parker View Farm, Inc., 827 F. Supp. 2d 53, 56 (D. Mass. 2011) ("A motion to dismiss based upon a forum selection clause is treated as one alleging a failure to state a claim under Fed. R. Civ. P. 12(b)(6). Accordingly, it can be raised at any time before disposition on the merits and is preserved against waiver prior to that time.")

Moving Defendants assert that the Texas Court has jurisdiction and all parties in this action are subject to personal jurisdiction in Texas pursuant to agreement as well as Plaintiff

based on his contacts and work in Texas.  Further, Evolve has already initiated a separate action

in that district related to the Berrey employment agreements, all of which mandate venue and law

in Texas.  Defendant Alan Berrey in that case ("Plaintiff" or "Berrey" herein) removed the Texas

state case to federal court on July 7, 2023 confirming that the parties are diverse, and that federal

jurisdiction in Texas is proper.[1]

In support of this Motion, Defendants rely on their Notice of Motion and Motion to

Dismiss and/or Transfer, this Memorandum in Support, their Request for Judicial Notice, and all

pleadings and files in this matter and all matters of which this Court may take Judicial Notice,

and upon such other and further oral or documentary evidence as may be presented to the Court

at or prior to the hearing.

## FACTS

A.  The Parties

Defendant Evolve Cellular, Inc. ("Evolve") is a Texas corporation with its principal place

of business in Bastrop County, Texas. Evolve is not licensed to conduct business in

Massachusetts pursuant to the Commonwealth of Massachusetts Secretary of State website.

Evolve is a Mobile Network Operator and software development and technical solutions

company that provides proprietary and/or standards based scalable communications solutions

both on a retail and wholesale basis. The business involves highly technical and specialized

custom software and network solutions.[2]

Defendant Lowell Feldman ("Feldman") is an individual who resides in Texas and at no

time lived in or resided in Massachusetts and is Evolve's CEO in Texas.[3]

---

[1]  See Notice of Removal, Exh. A to Request for Judicial Notice ("RJN") in case no. 1:23-cv-773 in Texas which includes the Texas state case.
[2]  RJN, Exh. A, Texas state Complaint, p. 3.
[3]  Massachusetts State Complaint, Dkt. No. 7, p. 2 of Complaint.

Plaintiff Alan Berrey is a Massachusetts resident who worked remotely for Evolve and traveled to Texas for work and work-related activities and contracted with Evolve in Texas and had most of his dealings in Texas. The majority of the Evolve employees that Berrey interacted with weekly are in Texas and the Evolve work and customers that Berrey works for at Evolve are in Texas, including the University of Texas School of Law.[4]

### B.   Agreements Signed by Berrey

It is undisputed that Plaintiff herein, Berrey, executed three different employment agreements with Evolve all which require Texas as the only forum for any dispute and which also call for mandatory arbitration. The three agreements are:

- Employment Agreement [Exh. B to RJN]

- Confidentiality and Non-Competition Agreement [RJN, Exh. A, State Complaint, Exh. A to Document No. 1-1 and duplicated at RJN, Exh. B]

- Non-Qualified Stock Option and Related Agreement [RJN, Exh. A, State Complaint, Exhibit B to Document No. 1-1 and duplicated at RJN, Exh. B]

By filing in Massachusetts, Berrey seeks to avoid the mandatory forum selection and law provisions (as well as the arbitration provision) in these agreements.  The law requires otherwise except perhaps for the Wage Act (statutory) claims (Counts 1 & 2)[5]  See Zucconi v. SRG Tech, LLC, 2018 U.S. Dist. LEXIS 84501.[6]

---

[4]  RJN, Exh. A – Document 1-1, Plaintiff's First Amended Petition, pg. 2.
[5]  This assumes that Berrey has exhausted his administrative remedies or otherwise received permission to file said statutory claims in Massachusetts and Moving Defendants herein do not waive their rights to contest same.
[6]  This also assumes that Plaintiff Berrey can demonstrate that he meets the three requirements of an exempted case from a forum selection clause and Moving Defendants herein do not waive their rights to contest same.

C.   Issues Presented

In addition to the dismissal of Feldman for lack of personal jurisdiction, moving

Defendants hereby request a Motion to Dismiss and Transfer the case to the Texas federal

district Court where related case is currently pending after being removed by Plaintiff (in this

case) to federal court from state court in Texas on July 7, 2023.  Both matters involve former

employee Alan Berrey's breach of contract claim and related tort claims against his former

employer Evolve and his employer Evolve's related claims in Texas regarding Berrey's

employment agreements. Berrey's Employment Agreement requires arbitration and all three

agreements call for Texas venue and Texas law and there is a waiver by Berrey as to any

challenge to venue or the Texas forum.[7]

**PROCEDURAL HISTORY**

- The action by Plaintiff Berrey herein was filed in Massachusetts state court against Defendants Feldman and Evolve on May 23, 2023 but not served until June 1, 2023.

- Evolve filed its complaint against Berrey in Texas state court on May 31, 2023 and it was served on June 7, 2023.
- Feldman and Evolve removed the Massachusetts case to this Court on June 30, 2023 (Dkt No.   );

- Berrey removed the Texas state case to federal District Court in Texas on July 7, 2023.

The claims in the Texas action by Evolve against Berrey are for: Declaratory Relief

regarding the validity of his employment agreements and the terms thereof, as well as a Request

for TRO and Preliminary Injunction. The case by Berrey against Evolve and Feldman also relate

to his employment with Evolve and contains allegations for (1) failure to pay wages in violation

of the Massachusetts Wage Act, M.G.L. c. 149, §148; (2) retaliation in violation of the

---

[7]  There may be exceptions as noted herein.

Massachusetts Wage Act, M.G.L. c. 149, §148A; (3) breach of contract; (4) breach of the

covenant of good faith and fair dealing; (5) unjust enrichment / quantum meruit; and (6)

negligent and intentional misrepresentation.

**LEGAL ARGUMENT**

    A.  This Court Does Not Have Personal Jurisdiction Over Individual Defendant Feldman

On a motion to dismiss for lack of personal jurisdiction, Plaintiff Berrey bears the burden

of showing that the court has authority to exercise jurisdiction over Feldman.  Cossart v. United

Excel Corp., 804 F.3d 13, 18 (1st Cir. 2015). Where, as here, a court will decide a motion to

dismiss for lack of personal jurisdiction without first holding an evidentiary hearing, the Court

applies the "prima facie" standard of review and takes the plaintiff's properly documented

evidentiary proffers as true and construe[s] them in the light most favorable to [plaintiff's]

jurisdictional claim. A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 58 (1st Cir. 2016).

However, Berrey cannot rely on "unsupported allegations" and "must put forward evidence of

specific facts to demonstrate jurisdiction exists." Id. (Internal citations omitted).

In a diversity suit, the Court acts as "the functional equivalent of a state court sitting in

the forum state." See Astro–Med, Inc. v. Nihon Kohden America, Inc., 591 F.3d 1, 8 (1st Cir.

2009). As such, the Court is tasked with determining whether 1) jurisdiction is permitted by the

Massachusetts long-arm statute and 2) the exercise of jurisdiction is compatible with the Due

Process Clause of the United States Constitution. Id.

"To defeat a motion to dismiss when the court uses [the prima facie] method the plaintiff

must make the showing as to every fact required to satisfy both the forum's long-arm statute and

the due process clause of the Constitution." Boit v. Gar-Tech Products, Inc., 967 F.2d 671, 675

(1st Cir. 1992). "Because the [Massachusetts] long-arm statute imposes specific constraints on the

5

exercise of personal jurisdiction that are not coextensive with the parameters of due process…a determination under the long-arm statute is to precede consideration of the constitutional questions." SCVNGR, Inc. v. Punchh, Inc., 478 Mass. 324, 325 (2017); Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 51 (1st Cir. 2002).

1.   *The Court Lacks Jurisdiction under M.G.L. c. 223A.*

The Plaintiff fails to allege sufficient facts to establish personal jurisdiction under the Massachusetts long-arm statute, M.G.L. c. 223A, § 3. The requirements of the Massachusetts long-arm statute are substantially similar to (although it seems more restrictive than) those imposed by the Due Process Clause. See Copia Commc'ns, LLC v. AMResorts, L.P., 812 F.3d 1, 4 (1st Cir. 2016) (noting that "[r]ecently, however, we have suggested that Massachusetts's long-arm statute might impose more restrictive limits on the exercise of personal jurisdiction than does the Constitution"). See also Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016). In this instance, the Complaint fails to allege specific facts that demonstrate the Court has jurisdiction over Defendant Feldman, in particular, under sections 3(a) or 3(b) of the statute.[8] Here, there is no dispute that Feldman lives and works in Texas and is the CEO of Evolve.

a.   *The Complaint Fails To Allege Facts Upon Which This Court Can Determine That Plaintiff's Cause of Action Arises Out Of Business Which Feldman Transacted In Massachusetts.*

In order for the Court to exercise jurisdiction under the long-arm statute, Berrey must demonstrate that Feldman himself transacted business in Massachusetts and that plaintiff's claim arises out of that transacted business. Sigros v. Walt Disney World Co., 129 F.Supp.2d 56, 63 (D. Mass. 2001) citing Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994). To satisfy his burden,

---

[8] In relevant part: "A court may exercise personal jurisdiction over a person…as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth; (b) contracting to supply services or things in this commonwealth."

Plaintiff must show that: (1) the defendant attempted to participate in the Commonwealth's economic life and (2) the transacted business was a "but for" cause of the alleged harm.  See Perras v. Trane U.S., Inc., 463 F. Supp. 3d 38, 43 (D. Mass. 2020) (finding that a mere allegation that individual defendants were corporate officers was insufficient to show that Massachusetts had jurisdiction over the individual defendants for a Wage Act claim).

Plaintiff conclusively alleges that Massachusetts has jurisdiction because "Defendants transact business in the Commonwealth…" [Dkt No. 7, Compl. ¶ 4.] This conclusory allegation is insufficient to establish personal jurisdiction over Feldman. Although the term "transacting business" is construed broadly, Plaintiff must still identify sufficient contacts of the individual defendant with Massachusetts to satisfy the first requirement. See King v. Prodea Sys., 433 F. Supp. 3d 7, 12 (D. Mass. 2019) ("an individual's status as a corporate officer is insufficient to establish the minimum contacts required to subject the individual to personal jurisdiction in a foreign forum").  A handful of isolated visits to Massachusetts in 2016 are not enough to establish the minimum contacts required under the long-arm statute. See Perras, 463 F. Supp. 3d at 43 (determining that isolated business visits and quarterly business calls by corporate officer are, without more, insufficient to constitute "transacting" business).

> b. *The Complaint Fails To Allege Facts Upon Which This Court Can Determine That Plaintiff's Cause Of Action Arises Out Of A Contract To Supply Services In Massachusetts With Feldman.*

Although unclear from the Complaint whether Plaintiff is alleging personal jurisdiction over Feldman pursuant to the Massachusetts long-arm statute due to the existence of an employment agreement and/or other agreement with Defendant Evolve, any such assertion would likewise fail.  See M-R Logistics, LLC v. Riverside Rail, LLC, 537 F. Supp. 2d 269, 279 (D. Mass. 2008) ("[I]t is axiomatic that jurisdiction over the individual officers of a corporation may not be based on jurisdiction over the corporation.") (internal quotations omitted).  Thus, any alleged

contract that may have existed between Plaintiff and Defendant Evolve Cellular, Inc. cannot be

relied upon for the court to exercise personal jurisdiction over Feldman.

> 2. *Personal Jurisdiction Cannot Be Exercised Consistent With The Right To Due Process Under The U.S. Constitution*

"The Due Process Clause of the Fourteenth Amendment requires that a defendant 'have

certain minimum contacts with [the forum state] such that the maintenance of the suit does not

offend 'traditional notions of fair play and substantial justice.'" Baskin-Robbins Franchising

LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 35 (1st Cir. 2016) quoting Int'l Shoe Co. v.

Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

From the face of the Complaint, Plaintiff Berrey has not attempted to assert a claim of

general jurisdiction, but rather, implicitly, relies on a claim of specific jurisdiction over Feldman.[9]

Thus, we accordingly limit our analysis to one of specific jurisdiction. Specific jurisdiction allows

a court to hear a particular case if that case relates sufficiently to, or arises from, a defendant's

forum contacts so long as it does not offend "traditional notions of fair play and substantial justice."

See Tatro, 416 Mass. at 773 (citation omitted).[10]

To establish specific jurisdiction, (1) Berrey's claims must be related to Feldman contacts,

(2) Feldman's contacts with the state must be purposeful, and (3) the exercise of jurisdiction must

be reasonable under the circumstances. See Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir.

2005). This can be summarized into an analysis of three factors: relatedness, purposeful availment,

and reasonableness. See Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 9 (1st Cir. 2009).

---

[9]  General jurisdiction over an individual exists only in the state where they are domiciled, and Plaintiff admits Feldman resides in Texas.

[10]  "The existence vel non of specific jurisdiction depends on the results of a tripartite inquiry. We evaluate: (1) whether the claim 'directly arise[s] out of, or relate[s] to, the defendant's forum state activities;' (2) whether the defendant's in-state contacts represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable; and (3) whether the exercise of jurisdiction is reasonable. All three of these elements must be present for specific jurisdiction to attach." Id. at 35 (quotations and citations omitted)

Here, Plaintiff Berrey cannot satisfy the first component of the due process analysis –
namely, that his claim arises from Feldman's individual contacts with Massachusetts. The
Complaint is devoid of any allegations that show Feldman's individual contacts with state –beyond
the scope of his duties as CEO of Evolve Cellular – are related to Berrey's claims. "For purposes
of exercising personal jurisdiction over a corporate officer, the inquiry is whether the individual
was a 'primary participant' in the alleged wrongdoing." Perras, 463 F. Supp. 3d at 43, citing Calder
v. Jones, 465 U.S. 783, 790 (1984). "This analysis requires consideration of whether the individual
'derived personal benefit' or acted beyond the scope of his or her employment with respect to
contacts with the forum state." Id., citing M-R Logistics, LLC, 537 F. Supp. 2d at 280.  Plaintiff
Berrey has not alleged that Feldman derived any personal benefit from the alleged wrong or acted
beyond the scope of his employment as the CEO of Evolve with respect to his contacts with
Massachusetts. As such, Feldman should be dismissed for lack of personal jurisdiction.

B.  Evolve And Berry Entered Into An Enforceable Arbitration Agreement

Moving Defendants Feldman and Evolve seek to dismiss and compel arbitration pursuant
to the Federal Arbitration Act, 9 U.S.C. §§1 et seq. "The Federal Arbitration Act ("FAA"), 9
U.S.C. §§ 1 et seq., provides that agreements to arbitrate 'shall be valid, irrevocable, and
enforceable, save upon such grounds as exist at law or in equity for the revocation of any
contract.' 9 U.S.C. § 2.  The FAA embodies a 'liberal federal policy favoring arbitration' and the
'fundamental principle that arbitration is a matter of contract.'" Garg v. VHS Acquisition
Subsidiary No. 7, No. 4:20-cv-40060-TSH, 2021 U.S. Dist. LEXIS 65104, at *13 (D. Mass. Mar.
9, 2021) quoting AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (internal
citations and quotations omitted). "In line with these principles, courts must place arbitration
agreements on an equal footing with other contracts and enforce them according to their

terms." Id. (internal citations omitted). "A party seeking to compel arbitration 'must show that a valid agreement to arbitrate exists, that the movant is entitled to invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope.' Id. at *14, quoting InterGen N.V. v. Grina, 344 F.3d 134, 142 (1st Cir. 2003).

Here, Berrey's Employment Agreements with Evolve call for binding arbitration as the sole remedy for disputes and Berrey's Complaint herein relates to his employment with Evolve. The arbitration provisions are in Berrey's Employment Agreement which is referenced in the Confidentiality and Non-Competition Agreement (hereinafter "Confidentiality Agreement")[11]:

> **Employment Agreement…**
> **10.   Dispute Resolution.  Except as provided in the Non-Competition Agreement, any Dispute must be resolved in accordance with the Company's Arbitration of Disputes agreement, which Employee must execute on or before the date of this Agreement as a condition to the effective of this Agreement…**
>
> **Confidentiality and Non-Competition Agreement…**Whereas the Employee has agreed to employment with the Company pursuant to the terms of an Employment Agreement dated on or about the date of this Agreement by and between the Employee and Employer (as modified from time to time, the **"Employment Agreement."**

C.   <u>Evolve And Berrey Agreed To Resolve Any And All Disputes In Texas And Under Texas Law</u>

Venue and choice of law provisions are routinely enforced both in Massachusetts and Texas.  Here, Berrey agreement in his numerous employment agreements that he *waives* all arguments regarding Texas venue and law.  Specifically the provision in Berrey's Employment Agreement, Confidentiality Agreement and Non-Qualified Stock Option agreements state in relevant part in bold letters:

---

[11]   The exception in the Confidentiality Agreement is the right for Evolve to seek a TRO or Preliminary Injunction "restraining the Employee [Berrey] from engaging in any activities prohibited by this Agreement…"  [RJN, Exh. B – Confidentiality Agreement, Pg. 3, Paragraph 5]

**CONFIDENTIALITY AND NON-COMPETITION AGREEMENT….**
**9.   Governing Law; Forum. This agreement, and any contest, dispute, controversy or claim arising hereunder or related hereto, will be governed and construed in accordance with the internal laws of the State of Texas applicable to the agreements made and to be performed in that state, without reference to its principles of conflicts of law that apply the laws of another jurisdiction. The parties hereto irrevocably submit, in any Proceeding directly or indirectly relating to or arising out of this Agreement, to the exclusive jurisdiction of the courts of the State of Texas or any federal court (in each case located in Travis County, Texas), consent that any such Proceeding may only be brought in such courts, waive any objection that they may now or hereafter have to the venue of such Proceeding in any such court or that such Proceeding was brough in an inconvenient forum and agrees to be bound by any judgment rendered thereby in connection with this Agreement. Each of the parties further agrees that a summons and complaint commending a Proceeding in any of such courts shall be properly served and shall confer personal jurisdiction if served to it at the address and manner set forth in Section 8 or as otherwise provided under the laws of the State of Texas. This provision may be filed with any court as written evidence of the knowing and irrevocable agreement between the parties to waive any objections to jurisdiction, to venue or to convenience of forum. [12]**

**EMPLOYMENT AGREEMENT**
**9.   Governing Law.  This Agreement, and any contest, dispute, controversy or claim arising hereunder or related hereto (collectively "Disputes"), shall be governed by and construed in accordance with the internal laws of the State of Texas applicable to agreements made and to be performed in that state, without reference to its principles or conflicts of law that would apply the laws of another jurisdiction.**

**NON QUALIFIED STOCK OPTION AND RELATED AGREEMENT**
**14(F)** *Governing Law: Jurisdiction.* **To the full extent controllable by stipulation of the Company and Optionee, this Agreement shall be interpreted and enforced under Texas law, without giving effect to principles of conflicts of laws thereof.  The parties hereto irrevocably agree that any dispute or disagreement arising under or relating to this Agreement shall be brought exclusively in the federal or state courts located in Travis County, Texas, and each party irrevocably submits to the jurisdiction of such courts for such purposes; provided, however, that any judgement properly rendered in such courts may also be enforced by an action against the non-prevailing party in any additional court with jurisdiction over such non-prevailing party.**

---

[12]  There is also a provision that "This Agreement and the Employment Agreement between Employee and Employer dated on or about the date hereof supersede all prior contracts between the parties with respect to its subject matter and constitute a complete and exclusive statement of the terms of the contract between the parties with respect to the subject matter hereof and thereof." [RJN, Exh. B *Confidentiality Agreement*, ¶ 17].

Despite this provision in all of his integrated employment agreements, Berrey filed his

Complaint in Massachusetts state court at or about the same time that Evolve filed its case

against Berrey in Texas.  The Massachusetts case was not served until one day *after* Evolve filed

in Texas. Berrey is attempting to avoid the mandatory forum selection and arbitration provisions

by filing in Massachusetts.

     D.  The Court Should Transfer This Matter to Texas

         *1.  Mandatory Transfer*

Motions to transfer venue based on a forum selection clause are governed by 28 U.S.C. §

1404(a).  Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 52

(2013).  "A forum selection clause is 'prima facie valid' and, absent a 'strong showing' by the

resisting party that the clause is unreasonable under the circumstances,' it should not be set

aside." Cervantes v. CRST Int'l, Inc., 2020 U.S. Dist. LEXIS 139189, at *3-4 (D. Mass. Aug. 5,

2020) quoting Claudio-de Leon v. Sistema Universitario Ana G. Mendez, 775 F.3d 41, 48 (1st

Cir. 2014) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 15 (1972)). In fact, "a

proper application of § 1404(a) requires that a forum-selection clause be given controlling

weight in all but the most exceptional cases." Europa Eye Wear Corp. v. Kaizen Advisors, LLC,

390 F. Supp. 3d 228, 230 (D. Mass. 2019) (quotations and citations omitted).

An enforceable and applicable forum selection clause alters the court's analysis of the

motion to transfer venue in two important ways.  Atl. Marine, supra, 571 U.S. at 63. "First, the

plaintiff's choice of forum merits no weight in the analysis, and the plaintiff bears the burden of

establishing that transfer . . . is unwarranted.  Second, the Court should not consider arguments

about the parties' private interests[,] but it may consider public interests." Cervantes v. CRST
Int'l, Inc., 2020 U.S. Dist. LEXIS 139189 (quotations omitted).[13]

Here, Feldman and Berrey are sophisticated businesspeople and Berrey signed three
separate documents confirming his waiver to object to venue and law in Texas concerning or
relating to his employment at Evolve.  The agreements should be enforced and this matter
dismissed/transferred.  There is simply no basis to now object to jurisdiction.

This also applies to Wage Act claims.  The Massachusetts Supreme Judicial Court has
said that forum selection clauses covering Wage Act claims are presumed to be enforceable and
should be enforced. Melia v. Zenhire, Inc., 462 Mass. 164, 967 N.E.2d 580, 595 (Mass. 2012).
"The opponent of a forum selection clause bears the 'substantial burden' of showing that
enforcement of a forum selection clause would be unfair and unreasonable." Van
Ossenbruggen v. Cowan Sys., LLC, 2016 U.S. Dist. LEXIS 40256, at *5 (D. Mass. Mar. 28,
2016) (quoting Cambridge Biotech Corp. v. Pasteur Sanofi Diagnostics, 433 Mass. 122, 740
N.E.2d 195, 203 (Mass. 2000)).[14]

---

[13]  Feldman is also a part of this forum selection clause even though he is not personally a signatory to same. "[A]
non-party to a forum selection clause may be bound if it is "closely related to the dispute such that it becomes
foreseeable that it will be bound.'" Europa Eye Wear Corp. v. Kaizen Advisors, LLC, 390 F. Supp. 3d 228, 231-232
(D. Mass. 2019) citing Barletta Heavy Div., Inc. v. Erie Interstate Contractors, Inc., 677 F. Supp. 2d 373, 379 (D.
Mass. 2009); see also Marano Enters. Of Kans. v. Z—Teca Rests., L.P., 254 F.3d 753, 757 (8th Cir. 2001) (holding
that a third party may be bound by a forum-selection clause where it is "closely related to the dispute such that it
becomes foreseeable that it will be bound"). "Some courts have found a nonparty is 'closely related' where its
interests are "'completely derivative' of and 'directly related to, if not predicated upon' the signatory party's interest
or conduct." Id. citing Leviton Mfg. Co., Inc. v. Reeve, 942 F. Supp. 2d 244, 258 (E.D.N.Y. 2013) (citations
omitted). "In addition, courts have also held that tort claims against a non-signatory are within the scope of a forum-
selection clause if the tort claims 'ultimately depend on the existence of a contractual relationship' between the
signatory parties…" Id., quoting Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 203 (3d Cir.
1983), overruled on other grounds by Lauro Lines v. Chasser, 490 U.S. 495 (1989).
[14]  It is recognized that the Wage Act issue concerning a proper forum is disputed and Defendants do not want to
derail its other arguments for the sake of the Wage Act claims which can remain in Massachusetts if so determined
by the Court.

Here, Berrey was hired to work as a remote employee and willingly executed the agreements calling for Texas law and forum as to *any dispute* related in any way to his employment with Evolve.  Each of the claims in his Complaint so relate.

### 2. *Transfer For Convenience*

In the event this Court does not find the mandatory provisions persuasive, Feldman and Evolve move to transfer this case to the Western District of Texas pursuant to 28 U.S.C. § 1404(a) where a related companion case is pending due to the convenience of parties and witnesses. Title 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As a threshold matter, the Court must determine whether this action could have properly brought in the proposed transferee court. After this initial determination, the Court must undertake an "individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (citation omitted). Here, there is already a case pending in Texas federal court related to the same issues.

A district court considering a motion for transfer "must evaluate both the convenience of the parties and various public-interest considerations." Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. Of Texas, 134 S. Ct. 568, 581 (2013). In weighing convenience, the court must consider both the "convenience of the parties and the witnesses." 28 U.S.C. s. 1404(a). "Judges in this District agree that convenience of the witnesses is extremely important, if not the most important, factor to be analyzed in determining whether to change a litigation's venue." Gemini Inv'rs Inc. v. Ameripark, Inc., 542 F. Supp. 2d 119, 126 (D. Mass. 2008) (citing Brant Point Corp. v. Poetzsch, 671 F. Supp. 2, 3 (D. Mass. 1987))).  The court must also consider

"relative ease of access to sources of proof; availability of compulsory process….; possibility of view of the premises …; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Atl. Marine, supra, 134 S. Ct. at 581 n.6 (internal quotation omitted). As set forth above, all of those factors point to Texas and not Massachusetts to resolve the disputes between the parties.  Specifically, Evolve is a Texas company and its employees and witnesses are all in Texas. Evolve's business involves mostly Texas customers and business partners. All corporate documents and information are in Texas.

Additionally, the parties filed their respective actions almost simultaneously and individual Defendant Feldman herein has no connection to Massachusetts.  Although Evolve employed Berrey as a remote employee in Massachusetts, Berrey frequently came to Texas for work and meetings and dealt with Evolve's customers and partners in Texas.

"The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system."  March VII Inv. Ltd. P'ship v. Kramer, 2016 U.S. Dist. LEXIS  126303, 3-5 (D. Mass. Sept. 14, 2016) citing Research Automation v. Schrader-Bridgeport Intern, Inc., 626 F.3d 973, 978 (7th Cir. 2010) "Factors that courts consider in determining whether transfer is in the interest of justice include: (1) the time it will take to reach trial in each district; (2) each court's relative familiarity with the relevant law; (3) the respective desirability of resolving controversies in each locale; and (4) the relationship of each community to the controversy."  Id.

As described above, all factors weigh in favor of transfer.  The Evolve v. Berrey case in Texas (removed by *Berrey* to federal court) will presumably take the approximately the same time to resolve the issue:  the Texas courts can apply the proper law.  Texas has a stronger

15

interest "relationship" to the controversy as it was an employment agreement for a remote employee that triggered the dispute.

Moreover, to allow both this action and the Evolve v. Berrey action in Texas to proceed separately is contrary to the strong policy of the courts to avoid such wasteful and unnecessary expenditure of resources.  See, e.g., Idenix Pharm., Inc. v. Gilead Sciences, Inc., Civil Action No. 13-13052-DJC, 2014 U.S. Dist. LEXIS 199627, at *2 (D. Mass. June 30, 2014).

"In addition to the foregoing issues, courts in this district ordinarily consider the following factors in determining the most appropriate forum under § 1404(a): (1) the relative convenience of the parties; (2) the convenience of the witnesses and the location of documents, (3) any connection between the forum and the issues, (4) the law to be applied, and (5) the state or public interests at stake." Boston Post Partners III, LLP v. Pasket, 2016 U.S. Dist. LEXIS 88811.  A Texas company and Texas individual should be able to have their disputes resolved with a remote employee residing in Massachusetts as he knowingly and voluntarily entered into the above-referenced agreements.

The Texas Court can apply the Massachusetts Wage Act if necessary and often applies Massachusetts law.  See, e.g., Sky Techs. LLC v. Sap AG, No. 2:06-CV-440 (DF), 2008 U.S. Dist. LEXIS 121489, at *19 (E.D. Tex. June 4, 2008) (Applying Massachusetts UCC law); Singer v. Lexington Ins. Co., 658 F. Supp. 341, 343 (N.D. Tex. 1986) (Applying Massachusetts law to insurance policy).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the matter be dismissed as to Feldman and/or that the matter is transferred to Texas where a related case is located and pending.

Dated:  July 14, 2023                        Respectfully submitted

                                             LOWELL FELDMAN and EVOLVE
                                             CELLULAR, INC. Defendants
                                             By Their Attorneys

                                             /s/ *Lita M. Verrier*
                                             Lita M. Verrier (BBO #662147)
                                             Jeanette M. Piaget Figueroa (BBO # 707465)
                                             Jackson Lewis P.C.
                                             75 Park Plaza
                                             Boston, MA  02116
                                             (617) 305-0025
                                             Lita.Verrier@jacksonlewis.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on July 14, 2023.

                                             /s/ Lita M. Verrier
                                             Lita M. Verrier

4895-5369-5343, v. 1